IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE HALAL SHACK INC.,

 Plaintiff,

  v.

LEGENDS HALAL SHACK, LLC,

 Defendant

Case No. SAG-19-3126

## MEMORANDUM OPINION

Currently pending is a Motion for Default Judgment filed by Plaintiff The Halal Shack Inc. ("Plaintiff") against Defendant Legends Halal Shack, LLC ("Defendant"). ECF 12. Defendant did not file an opposition, and the deadline to do so has now passed. *See* Loc. R. 105.2.a (D. Md. 2018). I have reviewed Plaintiff's motion, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Plaintiff's Motion for Default Judgment, ECF 12, will be GRANTED.

### I. BACKGROUND

Plaintiff operates a chain of restaurants known as "The Halal Shack," ECF 1 at 1, and owns United States Service Mark Registration Number 5,625,321, registering the mark THE HALAL SHACK ("the Word Mark") for restaurant services. ECF 1 ¶ 5. Plaintiff also owns United States Service Mark Registration Number 5,377,896 for a designed logo incorporating the name "The Halal Shack" ("the Design Mark"). ECF 1 ¶ 6. Plaintiff's first use of both marks in commerce occurred in 2017, ECF 12-2 at 3-4, and both registrations matured in 2018. ECF 1 ¶¶ 5, 6.

In late September, 2019, Defendant opened a restaurant named "Legends Halal Shack" in Windsor Mill, Maryland, less than eight miles away from one of Plaintiff's "The Halal Shack" restaurants. ECF 1 ¶ 7. Shortly after the opening, Plaintiff contacted Defendant to demand that it change the name of the new restaurant, to avoid confusion with Plaintiff's registered marks. ECF 1 ¶ 8. Defendant refused to comply. *Id.*

Plaintiff filed the instant action on October 28, 2019, and served Defendant with the summons and Complaint on November 4, 2019. ECF 1, 8. Defendant has not responded to the Complaint, and has not appeared in court. The Clerk entered default on December 3, 2019, ECF 11, and Plaintiff filed the instant Motion for Entry of Default Judgment on January 6, 2020. ECF 12.

## II.     STANDARD FOR DEFAULT JUDGMENT

In reviewing Plaintiffs' Motion for Entry of Default Judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). It, however, remains for the Court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.* at 780-81.

If the Court determines that liability is established, it must then determine the appropriate remedy. *Id*. The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). In so doing, the Court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The court may also make a determination of damages without a hearing so long as there is an adequate evidentiary basis in the record for an award. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("The court need not make this

determination [of damages] through a hearing, however. Rather, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trs. of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, Civil No. ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, Civ. No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment where plaintiff submitted affidavits and electronic records establishing the amount of damages sought); *JTH Tax, Inc. v. Smith*, Civil No. 2:06CV76, 2006 WL 1982762, at *2 (E.D. Va. June 23, 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.").

In sum, the court must (1) determine whether the unchallenged facts in Plaintiff's Complaint constitute a legitimate cause of action, and, if they do, (2) make an independent determination regarding the appropriate relief.

## III. DISCUSSION

Default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

Where default judgment is sought, as described above, this Court first reviews the allegations supporting liability, and then considers the appropriate relief. Here, no evidentiary hearing is necessary, because there is sufficient evidence presented in the record to support a

finding of liability and the relief requested. *See, e.g., Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010).

A. **Liability**

Plaintiff seeks default judgment for its claims of federal trademark infringement and false designation of origin/unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).[1] In connection with a federal trademark infringement claim, a plaintiff must prove "(1) that it owns a valid mark; (2) that the defendant used the mark 'in commerce' and without plaintiff's authorization; (3) that the defendant used the mark (or an imitation of it) 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (4) that the defendant's use of the mark is likely to confuse consumers." *Entrepreneur Media, Inc. v. JMD Entertainment Grp., LLC,* 958 F. Supp. 2d 588, 594 (D. Md. 2013) (quoting *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012) (citing 15 U.S.C. § 1114(1)(a)); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001) (quoting 15 U.S.C. §§ 1114, 1125(a)). The elements of Plaintiff's false designation of origin/unfair competition claim are essentially the same. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc*., 43 F.3d 922, 930 (4th Cir. 1995). ("In order to prevail under §§32(1) and 43(a) of the Lanham Act for trademark infringement and unfair competition, respectively, a complainant must demonstrate that it has a valid, protectible trademark and that the defendant's use of a colorable imitation of the trademark is likely to cause confusion among consumers.").

Considering those elements, Plaintiff has successfully stated claims for federal trademark infringement and federal false designation of origin/unfair competition. First, Plaintiff sufficiently claims that it owns two marks, the Word Mark and the Design Mark. ECF 1 ¶¶ 5, 6; *Rosetta Stone*

---

[1] The third claim in Plaintiff's Complaint alleges violations of the Maryland Consumer Protection Act, but Plaintiff has expressed an intent to voluntarily withdraw that Count, without prejudice. ECF 12-1 at 5, n.1.

4

*Ltd.*, 676 F.3d at 152 (citing 15 U.S.C. § 1114(1)(a)). Plaintiff has used the marks in commerce since 2017, in connection with restaurant services. ECF 1 ¶¶ 5, 6. Further, Plaintiff has obtained United States federal registrations for the Design Mark and the Word Mark. *Id.* The federal registrations constitute *prima facie* evidence that the two marks are valid. *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F. 3d 214, 229 (4th Cir. 2002) ("While it is the use of a mark, not its registration, that confers trademark protection, registration does confer certain benefits on the owner; for example, it serves as prima facie evidence of the mark's validity.") (internal citations omitted).

Second, Plaintiff sufficiently claims that Defendant used its mark "in commerce" and "in connection with the sale, offering for sale, distribution, or advertising of goods or services," by opening a restaurant, "Legends Halal Shack," incorporating Plaintiff's registered mark, "Halal Shack." *Rosetta Stone Ltd.*, 676 F.3d at 152 (citing 15 U.S.C. § 1114(1)(a)); *see also* ECF 1 ¶ 4.

Finally, Plaintiff sufficiently claims that Defendant "used the mark in a manner likely to confuse consumers." *Rosetta Stone Ltd.*, 676 F.3d at 152 (citing 15 U.S.C. § 1114(1)(a); see also ECF 1 ¶ 7. In the Fourth Circuit, nine factors can be considered in determining the likelihood of confusion engendered by use of a mark. *Rosetta Stone Ltd.*, 676 F.3d at 153 (citing 15 U.S.C. § 1114(1)(a)) (citing *George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009)). Specifically, the Court should weigh "(1) the strength or distinctiveness of the plaintiff's mark as actually used in the marketplace; (2) the similarity of the two marks to consumers; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the markholders; (5) the similarity of advertising used by the markholders; (6) the defendant's intent; (7) actual confusion; (8) the quality of the defendant's product; and (9) the sophistication of the consuming public." *Entrepreneur Media,* 958 F.Supp.2d at 595 (citing *Rosetta Stone Ltd.,*

676 F.3d at 153). The nine factors "are not always weighted equally, and not all factors are relevant in every case." *Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 259–60 (4th Cir. 2007).

Here, Plaintiff satisfies the multi-factor test. Defendant has incorporated the majority of THE HALAL SHACK's mark into its own mark, LEGENDS HALAL SHACK. The near-total incorporation illustrates the similarity of the two marks. The fact that Plaintiff and Defendant both operate halal restaurants also suggests a likelihood of confusion. Finally, the close proximity of the two restaurants, within a ten-mile radius, makes them direct competitors, exacerbates the likelihood that consumers will confuse the two, and could suggest a possible intent on Defendant's part to benefit from confusion with a pre-existing establishment. Accordingly, this Court finds that Plaintiff's well-pleaded factual allegations support all of the elements of its claims for federal trademark infringement and federal false designation of origin/unfair competition against Defendant, to warrant default judgment against it.

**B. Relief Requested**

In its motion, Plaintiff has agreed to forego an award of actual damages if two forms of relief are granted: a permanent injunction and attorneys' fees and costs.

The Lanham Act provides the Court with the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title." 15 U.S.C. § 1116(a). Accordingly, permanent injunctive relief is appropriate when a "Plaintiff demonstrates (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between

the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Entrepreneur Media, Inc.,* 958 F. Supp. 2d at 596 (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). A determination about the appropriateness of permanent injunctive relief lies within this Court's equitable discretion. *Id.* (citing *eBay Inc.*, 547 U.S. at 391).

In this case, permanent injunctive relief is warranted. Plaintiff has suffered irreparable injury, which regularly follows from trademark infringement. *Lone Star Steakhouse & Saloon, Inc.,* 43 F.3d at 938–39 (citing *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991)). Additionally, damage to a business's reputation and goodwill "may fairly be characterized as 'irreparable' in nature." *Entrepreneur Media, Inc.,* 958 F. Supp. 2d at 596 (quoting *Innovative Value Corp. v. Bluestone Fin., LLC*, No. DKC 2009–0111, 2009 WL 3348231, at *3 (D. Md. Oct. 15, 2009).

Next, monetary damages cannot adequately compensate Plaintiff's injury. Due to Defendant's lack of response to Plaintiff's cease-and-desist letter and even litigation, there is an ongoing threat of continued infringement. *See Innovative Value Corp.*, 2009 WL 3348231, at *3 (finding, based on defendant's failure to participate in litigation and continuance of infringement despite two cease-and-desist letters, that remedies at law were insufficient to compensate for plaintiff's injuries).

The balance of hardships also weighs in Plaintiff's favor, because Defendant is operating its business in direct violation of the Lanham Act. Finally, a permanent injunction will actually serve the public interest. "This Court has held that 'there is greater public benefit in securing the integrity of [a] Plaintiffs' mark than in allowing [a] Defendant to continue to use the mark in

violation of [that] Plaintiffs' rights." *Entrepreneur Media, Inc.,* 958 F. Supp. 2d at 596 (quoting *Innovative Value Corp.,* 2009 WL 3348231, at *3).

Accordingly, this Court will grant default judgment in favor of Plaintiff, will order permanent injunctive relief as provided in the accompanying Order, and will consider an appropriate award of reasonable attorneys' fees and costs after further submission from Plaintiff, and an opportunity for Defendant to respond.


Dated: February 5, 2020 /s/
Stephanie A. Gallagher
United States District Judge