IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THE HALAL SHACK, INC. | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-19-3126 |
| LEGENDS HALAL SHACK, LLC | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff The Halal Shack, Inc. ("Plaintiff") has filed a Motion for Attorneys' Fees and Costs, ECF 15, as permitted by this Court's order, ECF 13.  Defendant Legends Halal Shack, LLC ("Defendant") has not filed an opposition. No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2018).  For the reasons stated herein, Plaintiff's Motion will be granted in part and denied in part.

Plaintiff obtained a default judgment pursuant to the Lanham Act, which, as relevant here, provides for the recovery of "the costs of the action" by the prevailing party.  15 U.S.C. § 1117(a) (2018); *see also Microsoft Corp. v. Grey Computer,* 910 F. Supp. 1077, 1093 (D. Md. 1995) (noting that a court is "expected" to grant costs incurred in prosecuting a Lanham Act action).  Here, Plaintiff seeks certain of its costs: $400.00 for the filing fee, and $205.00 in process service fees.  The charges are substantiated in the legal bills, and represent reasonable expenses under the circumstances of this case.  *See* ECF 15-2, ECF 15-3.

Second, Plaintiff seeks $15,747.00 in attorneys' fees.  ECF 15 at 3-5.  It argues that "unless a court finds 'extenuating circumstances,' [the Court] is expected to grant attorneys' fees." ECF 12-1 at 8-9 (quoting *Microsoft Corp. v. Grey Computer*, 910 F. Supp. 1077, 1093 (D.

Md. 1995)). Whether or not Plaintiff provides a correct statement of the governing law in 1995, that standard has not governed Lanham Act attorney fees requests for at least the past five years.

As written today, § 1117(a) provides that a court may only award reasonable attorneys' fees "in exceptional cases." The Fourth Circuit has held that a case is "exceptional" when the totality of the circumstances demonstrate that

> (1) "there is an unusual discrepancy in the merits of the positions taken by the parties," based on the non-prevailing party's position as either frivolous or objectively unreasonable; (2) the non-prevailing party "has litigated the case in an 'unreasonable manner'"; or (3) there is otherwise "the need in particular circumstances to advance considerations of compensation and deterrence."

*Ga.-Pac. Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015) (internal citations omitted). The party seeking fees under § 1117(a) bears the burden to show that the case is "exceptional" by a preponderance of the evidence. *Verisign, Inc. v. XYZ.COM LLC*, 891 F.3d 481, 484-85 (4th Cir. 2018). The ultimate determination of whether a case is "exceptional" falls within the trial court's discretion. *Id.* at 484.

Plaintiff fails to address the *Georgia Pacific* factors. *See* ECF 12-1; ECF 15. Nonetheless, applying those factors, Plaintiff's case does not qualify as "exceptional." First, the Court cannot say that Defendant's litigating position in this case was either "frivolous or objectively unreasonable," simply because Defendant took *no* litigating position at all. *Georgia-Pacific*, 781 F.3d at 721; *see Cava Grp., Inc. v. Mezeh-Annapolis, LLC*, No. GJH-14-0355, 2017 WL 2493099, at *1 (D. Md. June 7, 2017) (noting that, to satisfy the first factor, the losing party's litigating position must have been "so unreasonable that no reasonable litigant could believe it would succeed" (citation omitted)). *Compare with ICENY, USA, LLC v. M&M's, LLC*, No. TDC-19-2418, 2020 WL 1890511, at * (D. Md. Apr. 16, 2020) (finding that a defaulting defendant took an unreasonable litigating position because it violated the plaintiff's trademark

rights "with impunity," and continued to do so even after the court entered a TRO). To conclude that a case is "exceptional" merely because the defendant defaulted would contravene Congress's express intent to constrain the awarding of attorneys' fees in Lanham Act cases to only a certain category of cases.

Second, the Court cannot find that Defendant litigated its case in an unreasonable manner because, again, it simply chose not to litigate. *See Cava Grp.*, 2017 WL 2493099, at *2 (explaining that the second factor requires "some form of egregious conduct," including filing false declarations and relitigating previously-decided issues (citation omitted)).

Third, having reviewed the Complaint and the allegations therein, the Court cannot independently discern a particular need to compensate or deter in this case. Essentially, Plaintiff alleges that Defendant refused to change its infringing name after Plaintiff's counsel sent Defendant a demand letter. ECF 1, ¶¶ 7-8. That Defendant operates within a ten-mile radius of Plaintiff, *id.*, does not alone transform this case into an "exceptional" one. Plaintiff does make one lone allegation that Defendant acted willfully, which was only made upon information and belief. *Id.* ¶ 13. Regardless, a finding that a defendant intentionally infringed on a Plaintiff's registered mark, by itself, is insufficient to justify an attorneys' fees award under § 1117(a), because "[t]he relevant question under the 'exceptional' inquiry is whether [Defendant] intended its actions to have an adverse [e]ffect on [Plaintiff]." *Exclaim Mktg., LLC v. DirecTV, LLC*, No. 5:11-cv-684-FL, 2015 WL 5725703, at *8 (E.D.N.C. Sept. 30, 2015). Even assuming that Defendant here acted willfully, such a finding would only show that it willfully acted to deceive *consumers*; Plaintiff has provided no evidence suggesting that Defendant intended to harm Plaintiff's goodwill or reputation. *See id.*

Finally, Plaintiff's agreement to forego its ability to recover profits on the condition that it recovered its costs and attorneys' fees, ECF 12-1 at 9, does not itself show that there is a particular need for compensation in this case. Without any evidence as to what those ill-gotten profits were, Plaintiff's requested attorneys' fees could constitute a windfall benefit to them, because the fees award could be higher than Defendant's actual profits. Further, any need for future compensation is eliminated by the Court's award of a permanent injunction against Defendant's use of Plaintiff's mark. In sum, Plaintiff has failed to meet its burden to show that its case is "exceptional," and its request for attorneys' fees, therefore, will be denied.

The Court recognizes that Plaintiff's waiver of an award of actual damages, in the form of "ill-gotten profits," was conditioned on the Court's provision of attorneys' fees and costs. *See* ECF 12-1 at 9; ECF 13 at 6 (the Court's February 5, 2020 Memorandum Opinion, noting this concession). Indeed, in light of this recognition, on April 21, 2020, the Court granted Plaintiff an additional twenty-one days to supplement its filings to provide the Court with evidence of Plaintiff's entitlement to actual damages, given the Court's then-existing "strong doubts as to Plaintiff's right to recover [attorneys'] fees." ECF 16 at 1. Plaintiff, however, did not file any supplemental materials. The Court construes Plaintiff's failure to timely comply with the Court's Order as a further waiver of an actual damages award.

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Attorneys' Fees and Costs, ECF 15, is GRANTED IN PART and DENIED IN PART. A separate implementing Order follows.

Dated:  May 13, 2020                                              /s/
                                                                                      Stephanie A. Gallagher
                                                                                      United States District Judge